UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KYLE TALLMAN | § | |
|    Plaintiff, | § | Case No. _____ |
| | § | |
| V. | § | DEMAND for JURY TRIAL |
| | § | |
| JOHN DOE | § | |
|    Defendant. | § | |

## COMPLAINT for COPYRIGHT INFRINGEMENT

**KYLE TALLMAN,** Plaintiff herein, and files this Original Petition against unknown defendant John Doe for deliberate copyright violations of his instruction manuals showing how to modify four-wheel recreational to add snorkels.

### I. PARTIES

1. Plaintiff **KYLE TALLMAN** is an individual residing in Waxahachie, TX, 75165, who is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint, which is a collection of instruction manuals showing how to modify all-terrain vehicles (ATVs) with snorkels that allow use of the vehicles in water levels exceeding the stock intake of the vehicle motor. Plaintiff has invested significant capital in producing the content associated with this registered work.

2. Defendant's actual name is unknown to Plaintiff. Instead, Defendant is known to Plaintiff only by his eBay store's name, "go-deep-inc.snorkels," his phone number associated with that ebay account, 402-935-7733, and what appears to be his Paypal account name, "candyman25."

## II.   JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, et seq., (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights).

4. This Court has supplemental jurisdiction over the state claims for deceptive trade practices pursuant to under 28 U.S.C. § 1367(a) because it is so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that the claims form part of the same case and controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction because Defendant has shipped infringing documents into the State of Texas.

6. In the alternative, this Court has personal jurisdiction over non-resident Defendant under the Texas long-arm statute, TEX. CIV. PRAC. & REM. § 17.042, because he mailed copyrighted content to Texas residents, thus committing a tortious act within the meaning of the statute.

**7.** Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events giving rise to the claims in this action occurred within this District.

## III.   FACTS

8. Plaintiff has developed a set of snorkel conversion kits for use with ATVs. These kits include parts and instructions to add a snorkel to an ATV, and have taken substantial time and money to develop, as the ATVs are not manufactured to accept these additions.

9. Plaintiff has registered his manual as a compilation entitled "Snorkel Your ATV Catalog", which the Library of Congress has given Registration Number " TXu001871454", and effective date of June 3, 2013 (the "Work").

10. Plaintiff has not transferred any right to copy his Work, and remains its owner in all respects.

11. Defendant is actively competing with Plaintiff, and is using exact copies of Plaintiff's instructions in Defendant's own kits.

## IV.    COPYRIGHT INFRINGEMENT

12. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

13. Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

14. Defendant knew or had constructive knowledge that their acts constituted copyright infringement.

15. Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

16. Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendants' conduct.

17. Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

18. As Defendants' infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

19. Plaintiff also asks the Court to issue an injunction preventing further infringement.

### V.   COMMON LAW CLAIM FOR COPYRIGHT INFRINGMENT

20. Though Plaintiff has a registered copyright in the Work, Plaintiff is aware that Defendant's infringements of Plaintiff's Work may have begun prior to registration of the Work.

21. Plaintiff claims damages pursuant to the Common Law with respect to Defendant's infringements of the Work prior to its registration.

### VI.   COMMON LAW CLAIM FOR TRESPASS TO CHATTELS

22. Though Plaintiff includes his instructions with his ATV snorkel kits, an inherent and implicit part of the sale is that the kits and instructions are for private use only; no reasonable person would believe that Plaintiff permits his instructions to be copied and used against him competitively.

23. Plaintiff claims damages pursuant to the Common Law with respect to Defendant's trespass of Plaintiff's chattel (the instructions provided with the kits, all of which are included in the Work).

### VII.   ECONOMIC AND ACTUAL DAMAGES

24. Plaintiff sustained damages due to Defendant's actions in violation of Plaintiff's common law and registered copyrights, and trespass to chattels, and claims the following damages:

   a) Under the common law, profits connected to all sales made prior to the Work's registration;

   b) Statutory damages, pursuant to 17 U.S.C.S. § 504(c), trebled for willfulness;

   c) and common law damages as determined by trial; and

d) reasonable and necessary attorney fees pursuant to the Copyright Act.

## VIII. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant be cited to appear and answer herein and that, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

**JURY DEMAND -** Plaintiff requests trial by jury of all claims.

Dated: February 21, 2014

        Respectfully submitted,
          /s/ Warren V. Norred
          Warren Norred, TX Bar 24045094
          Norred Law, PLLC
          200 E. Abram, Suite 300, Arlington, TX 76010
          817-704-3984 o; 817-548-0161 f